IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CAROL LUCARELLI, Special
Administratrix, et al.,

    Plaintiffs

v.

DVA RENAL HEALTHCARE, INC., et al.,

    Defendants.

Case No 2:08-cv-0049

Judge James L. Graham
Magistrate Judge Mark R. Abel

OPINION AND ORDER

This matter is before the Court on a motion to dismiss, pursuant to Fed. R. Civ. 12(b)(6) filed by Defendant DVA Renal Healthcare Inc. (DVA). Plaintiffs are Carol Lucarelli, Special Administratrix of the Estate of Frances Flowers, deceased (Decedent), and surviving heirs Jerry Flowers, Jr., Amanda Flowers, Shane Flowers, and Wayne Flowers (collectively, Plaintiffs).

I.    **Factual Background**

DVA[1] is in the business of owning and operating kidney hemodialysis centers and, through its employees, is responsible for maintaining, developing, sustaining, disinfecting, sterilizing, testing, inspecting, examining, investigating and researching its

---

[1] In their initial complaint, filed in the state court of Clark County, Nevada, Plaintiffs sued Gambro Healthcare Renal Care (GHRC) as well as various John Does. By stipulation, GHRC was dismissed and Plaintiffs were granted leave to amend their complaint to name DVA. GHRC is the prior parent company of DVA. See, Order Denying Motion to Dismiss in Lucarelli v. DVA Renal Healthcare, Inc., Case No. 08-2067 (W.D. T.N. March 17, 2008).

equipment, tools and facilities. Plaintiffs allege that DVA knew that the equipment and tools used in its facilities caused a significant increased risk of bodily harm or death to those patients receiving treatment. Prior to July 2005, Decedent received hemodialysis treatments in Columbus, Ohio at a treatment facility operated by DVA. Decedent, who received care at the facility, died on July 19, 2005, allegedly as a result of the treatment she received at the facility.  According to Plaintiffs, the Decedent's death was the proximate result of DVA's negligence and recklessness in "maintaining, developing, sustaining, disinfecting, cleaning, sterilizing, testing, inspecting, examining, investigating and researching the equipment used in the course of a hemodialysis treatment." (Complaint at ¶ 6).  Plaintiffs also make claims for *res ipsa loquitur* and for punitive damages as a result of reckless, malicious, or wanton misconduct.

The Plaintiffs' complaint is one of approximately thirty lawsuits filed against DVA by patients alleging the negligent operation of DVA's hemodialysis treatment centers located throughout the United States. Although the various plaintiffs received treatment in many different states, all of the cases were originally filed in the Clark County, Nevada state district court.  The various Nevada state cases were consolidated into "Department 23" of the Clark County court and extensive discovery began. In 2005, DVA began removing the state court cases to the United States District Court, District of Nevada.  The instant case was removed to the U.S. District Court of Nevada on or about September 6, 2007.  It was then transferred to the U.S. District Court, Southern District of Ohio on January 16, 2008.

DVA filed its motion to dismiss in the U.S. District Court, District of Nevada on September 13, 2007.  DVA refiled the fully briefed Motion to Dismiss in this Court on

March 14, 2008. Plaintiffs were allowed to supplement their response to the motion to dismiss and did so on March 26, 2008. DVA's reply to the supplemental response was filed April 11, 2008.

In its motion to dismiss, DVA asserts that the Plaintiffs have failed to state a claim upon which relief can be granted because: 1) Plaintiffs failed to meet the statutory requirements for bringing a wrongful death claim; 2) Plaintiffs fail to properly plead a claim for medical malpractice; 3) Plaintiffs failed to properly plead a claim for products liability; and 4) Plaintiffs are precluded from seeking punitive damages. For the reasons set forth below, DVA's motion is denied.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Erickson v. Pardus, 550 U.S. __, 127 S.Ct. 2197, 2200 (2007) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008). A motion to dismiss under Rule 12(b)(6) will be granted only if the complaint is without merit due to an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or where the face of the complaint reveals that there is an insurmountable bar to relief. Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978). Under Rule 8(a), "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S.Ct. at 2200 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Because a motion under Rule 12(b)(6) is directed solely at the complaint itself, the court

must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. Scheuer, 416 U.S. at 236; Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S.Ct. 1955, 1965 (2007) (Rule 8 "does not impose a probability requirement at the pleading stage").

Despite this liberal pleading standard, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). Though the complaint need not contain detailed factual allegations, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Bell Atlantic, 127 S.Ct. at 1964-65; Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Bell Atlantic, 127 S.Ct. at 1965 n.3. Labels, conclusions, and formulaic recitations of the elements of a cause of action "will not do." Id. at 1965. "Accordingly, a complaint 'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Ferron v. Zoomego, Inc., No. 07-4007, 2008 WL 1988587, at *2 (6th Cir. May 7, 2008) (Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 406 (6th Cir. 1998)).

**III.    ANALYSIS**

This matter is before the Court on the basis of diversity jurisdiction. See, 28

U.S.C. § 1332. Federal courts sitting in diversity must apply the choice-of-law rules of the forum state. Muncie Power Prods. v. United Techs. Auto., Inc., 328 F.3d 870, 873 (6th Cir. 2003).  In Ohio, there is a presumption that the law of the place of injury controls. Id. at 874. However, this presumption may be overcome by evidence demonstrating that another state has a more significant relationship to the action. Id. In the instant case, Ohio is the place where the injury occurred and it has a more significant relationship to the action.  Decedent was an Ohio resident. Her heirs are residents of Ohio.  Carol Lucarelli, as special administratrix of the Decedent's estate, is considered a resident of Ohio. See, Lucarelli v. DVA Renal Healthcare, Inc., 2008 U.S. Dist. LEXIS 6310 (D. Nev. Jan. 10, 2008) (Carol Lucarelli, as special administratrix of Ms. Flower's estate, is deemed a citizen of Ohio). Decedent received her hemodialysis treatments in Columbus, Ohio at one of DVA's facilities. Given Ohio's more significant relationship with the action, the Court will apply Ohio law to the claims at hand. See, Muncie Power Prods, 328 F. 3d at 874 (factors to consider in determining choice of law include the place where the injury occurred, the place where the conduct causing the injury occurred, the domicil, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered).

>**A. Whether Plaintiffs have met the statutory requirements for a wrongful death claim in Ohio.**

DVA makes three arguments as to why the amended complaint does not properly set forth a wrongful death claim. First, DVA asserts that the amended complaint "does not allege that any of the Plaintiffs heirs have been formally appointed

5

the Ohio personal representative of the estate of Frances Flowers" and therefore, Plaintiffs heirs "are not the proper parties to bring any survival or wrongful death claim in this action." (Motion to Dismiss at pp. 7-8). Second, DVA asserts that Carol Lucarelli has not been appointed personal representative by any court. Finally, DVA asserts that "Nevada law requires a party seeking to pursue a wrongful death claim in Nevada for acts outside Nevada to obtain the appointment of a Nevada resident as special administrator." (Motion to Dismiss at p. 10).

The capacity to sue by one acting in a representative capacity is determined by the law of the state in which the district court sits. Brimhall v. Simmons, 338 F.2d 702, 704 (6th Cir. 1964). Thus, whether the Plaintiffs have capacity to sue is determined by Ohio law. In Ohio, a wrongful death claim must be brought in the name of the "personal representative of the decedent, for the exclusive benefit of the surviving spouse, the children and the parents of the decedent." Ohio Rev. Code § 2125.02(A)(1); see also, Ramsey v. Neiman, 69 Ohio St. 3d 508, 634 N.E.2d 211 (1994)(any action for wrongful death must be brought "in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate").

As to DVA's first argument, Ohio's wrongful death statute does not require that the decedent's heirs be appointed personal representatives of the decedent's estate for purposes of pursuing a wrongful death action. Rather, the statute requires only that the case be brought in the name of the personal representative without limitation that the representative also be an heir. Here, the Plaintiffs' complaint is brought in the name of Carol Lucarelli, as "special administratrix" of the Decedent's estate. A special administrator is included in the broad term "personal representative" as used in Ohio's

6

wrongful death statute. See, Kyes v. Pennsylvania R. Co.158 Ohio St. 362, 109 N.E.2d 503 (Ohio 1952) (the term "personal representative," as used in wrongful death statutes, is generally considered broad enough to include a temporary, special or ancillary administrator or executor of decedent's estate). The fact that Ms. Lucarelli was apparently appointed in Nevada does not alter the analysis because Ohio allows an out-of-state personal representative to bring a wrongful death claim.

Ohio Rev. Code §2113.75 states:

> An executor or administrator appointed in any other state or country may commence and prosecute an action or proceeding in any court in this state, in his capacity as executor or administrator, in like manner and under like restrictions as a nonresident is permitted to sue.

Thus, under Ohio law, an administrator, executor or personal representative appointed in another state may prosecute a wrongful death action in Ohio. See, In re Estate of Romero, No. CA2006-06-015, 2007 Ohio 2157 (Ct. App. May 7, 2007) ("Ohio Rev. Code §2113.75, in conjunction with Ohio Rev. Code §2125.02, empower a personal representative, appointed in another state, to institute and maintain an action for wrongful death in Ohio, provided that a personal representative, appointed in Ohio, has not already done so"); McCluskey v. Rob San Services, Inc., 443 F. Supp. 65 (S.D. Ohio 1977) (a personal representative appointed in another state may bring a wrongful death action in Ohio). Thus, if Ms. Lucarelli is a court appointed "special administratrix" of the Decedent's estate, she may bring a wrongful death claim in Ohio.

In its second argument in support of dismissal, however, DVA points out that the Plaintiffs have not provided any documentation to establish a formal court appointment of Ms. Lucarelli and that DVA has been unable to locate any court order of appointment

in the Nevada court records. Although the amended complaint contains an allegation that Ms. Lucarelli is the "special administratrix" of the estate, the Plaintiffs seemingly admit that not all the necessary paperwork has been filed to finalize that appointment. In the response to the motion to dismiss, Plaintiffs state that Ms. Lucarelli has been appointed with consent of the heirs, but Plaintiffs "have refrained from filing any further documents in Nevada state Court concerning these matters until the problems with Dept. 23 are remedied." (Plaintiffs' response to motion to dismiss at p.12). The Plaintiffs do not further explain this statement, nor provide any information as to what additional filings are required.

In Nevada, the appointment of a special administrator "must be made by entry upon the minutes of the court or by written order signed and filed, which must specify the powers to be exercised by the special administrator." Nev. Rev. Stat. § 140.020(1). Upon the filing of an order and payment of a bond, "the clerk shall issue special letters of administration, with a copy of the order attached." Nev. Rev. Stat.§ 140.020(2). If Ms. Lucarelli is in fact the court appointed special administratrix of the Decedent's estate, then Plaintiffs should be able to produce letters of administration and an order setting forth the powers which Ms. Lucarelli may exercise as special administratrix. The Plaintiffs are therefore granted leave to amend their Complaint and are ordered to attach documentation as specified in Nev. Rev. Stat. § 140.020.

DVA's motion to dismiss on the basis that the complaint does not properly allege a claim for wrongful death is therefore denied, but without prejudice to the refiling of a motion to dismiss should Plaintiffs fail to establish that the claim is being brought in the name of a court-appointed personal representative.

**B.     Whether Plaintiffs have failed to state a claim upon which relief can be granted.**

DVA asserts that the Complaint must be dismissed for failure to properly plead a medical malpractice claim and/or failure to properly plead a products liability claim. Plaintiffs concede that they have not pled either a medical malpractice claim or a products liability claim, but assert that they have alleged a claim for negligence.

To maintain an action for damages for wrongful death upon the theory of negligence, a plaintiff must show (1) that decedent was owed a duty of care, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death. <u>Bennison v. Stillpass Transit Co.</u>, 5 Ohio St. 2d 122, 214 N.E.2d 213 (Ohio, 1966). The Plaintiffs amended complaint sets forth the following allegations: 1) DVA is in the business of owning and operating hemodialysis centers such as the one that Decedent attended, 2) DVA had a duty to maintain, develop, sustain, disinfect, clean, sterilize and inspect its equipment and to ensure quality control of its facilities, 3) DVA failed to exercise reasonable care in ensuring its equipment and facilities did not pose a significantly increased risk of injury or death to patients, 4) DVA failed to exercise ordinary care in quality assurance or quality control of its hemodialysis centers, 5) DVA knew or should have known that the hemodialysis treatment system posed a serious risk of bodily harm or death, 6) DVA knew or should have know that patients could foreseeably suffer injury or death as a result of the failure to exercise ordinary care, 7) as a result of the DVA's failure to exercise reasonable care, Decedent suffered injury and death.

The Plaintiffs' Complaint sets forth a general claim for negligence against DVA

pursuant to Ohio law. Plaintiffs clearly allege a duty on the part of DVA, breach of the duty, that the breach proximately caused actual injury to the Decedent. The complaint for negligence was also timely filed. In Ohio, an action for negligence must be commenced within two years of the date on which the cause of action accrued. Ohio Rev. Code § 2305.10(A). The original complaint was filed on November 15, 2006, well within the statute of limitations. The Plaintiffs have set forth a claim for negligence sufficient to withstand a Civ. R. P. 12(b)(6) motion to dismiss.

     DVA also asserts that the Plaintiffs' claim for punitive damages must be dismissed because none of the allegations in the complaint rise to the level needed to establish punitive damages. Ohio Rev. Code Ann. § 2315.21 provides that punitive damages may only be awarded in tort actions in which actual damages have been proven and actual malice is involved. The actual malice necessary for punitive damages is (1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Actual malice can be inferred from conduct and surrounding circumstances which may be characterized as reckless, wanton, willful, or gross. <u>Barker v. Netcare Corp</u>.,147 Ohio App. 3d 1, 15, 768 N.E.2d 698, 709 (Ct App 2001).

     In their complaint, Plaintiffs allege that DVA acted in a manner that was "outrageous, reckless, malicious, wanton and/or done in a manner evincing reckless disregard for the consequences thereof." (Complaint at ¶10). Plaintiffs further assert that DVA knew or should have known of the serious risk of bodily harm posed by their hemodialysis treatments but continued to administer such treatments to the Decedent.

The Court finds these allegations are sufficient to state a claim for reckless or gross conduct. <u>Gearhart v. Angeloff</u>, 17 Ohio App. 2d 143, 146 244 N.E.2d 802, 804 (Ct. App. 1969) (Ohio permits a recovery of punitive damages for negligence where "that negligence is so gross as to show a reckless indifference to the rights and safety of other persons"); <u>Cabe v. Lunich</u>, 70 Ohio St. 3d 598, 604, 640 N.E.2d 159, 164 (Ohio 1994) (punitive damages may be asserted in a negligence case where there is evidence of "such a conscious and deliberate disregard of the interests of others that his conduct may be called wilful or wanton").

### IV. CONCLUSION

For the foregoing reasons, DVA's Motion to Dismiss (doc.17-2) is DENIED. Plaintiffs shall file a second amended complaint within twenty days of the date hereof.

IT IS SO ORDERED.

S/ James L. Graham<br>
James L. Graham<br>
UNITED STATES DISTRICT JUDGE